# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPITAL FUNDING, LLC, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MENACHEM TRESS AND )<br>ELIMELECH TRESS, )<br>)<br>Defendants. )<br>) | C.A. No. _____ |

## COMPLAINT

Plaintiff Capital Funding, LLC (the "<u>Plaintiff</u>"), by and through its undersigned counsel, hereby files this Complaint against Defendants Menachem Tress and Elimelech Tress and, in support thereof, avers as follows:

### THE PARTIES AND JURISDICTION

1. Plaintiff Capital Funding, LLC is a Maryland limited liability company having its principal office at 2455 House Street, Baltimore, Maryland 21230.

2. Capital Funding, LLC's sole member is CFG Bank, a bank chartered in the State of Maryland.

3. Defendant Menachem Tress, upon information and belief, is an adult individual residing at 4 Cameo Ridge Road, Monsey, New York 10952.

4. Defendant Elimelech Tress, upon information and belief, is an adult individual residing at 40 High Street, Lakewood, New Jersey 08701.

24727396

5.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because (a) none of the members (or the members of the members) of Plaintiff are citizens of the States of New York or New Jersey, and (b) the amount in controversy exceeds $75,000.00.

6.  Venue is proper because this is the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claim occurred and/or a substantial part of the property that is the subject of this action is situated in New Castle County, Delaware.

7.  Defendants are also subject to personal jurisdiction in this Court. Defendants are members of Delaware limited liability company Cranston Apartments LLC ("Borrower"). Upon information and belief, Defendants are members who participate materially in Borrower as to make them subject to jurisdiction in this Court.

8.  Borrower is the owner and landlord of real property located at 3310 and 3314 Old Capital Trail, Wilmington, Delaware 19808 (the "Property"). The Property consists of thirteen (13) buildings containing 157 rentable apartment units set on approximately eight (8) acres of land. The Amended and Restated Limited Guaranty (defined below) made, executed, and delivered by Defendants to Plaintiff as a Lender was completed to induce Lenders (defined below) to extend credit and the Loan (defined below) to Borrower in the maximum principal amount $22.75

million for the acquisition and financing of the Property. Defendants agreed, among other things, they would directly benefit from Lenders' making the Loan to Borrower and the Loan was valuable consideration to the Defendants. *See* **Ex. G** WHEREAS ¶¶ 5-6. Defendants had a decision making role in Borrower, a Delaware limited liability company that received a $22.75 million dollar loan to finance the purchase of apartments in Delaware inhabited by Delaware residents. Defendants executed the Amended and Restated Limited Guaranty in their personal capacities to further induce the Lenders to make the Loan to the Borrower. And, the Amended and Restated Limited Guaranty that is the subject of this action was entered into contemporaneously with all of the other loan documents which relate to the Property located in Delaware. Based on the foregoing, Defendants are subject to personal jurisdiction in this Court.

## FACTUAL BACKGROUND

9. Plaintiff incorporates each of the proceeding paragraphs as though set forth fully herein.

**I.     The Property.**

10. Borrower is the owner and landlord of the Property. The Property consists of thirteen (13) buildings containing 157 rentable apartment units set on approximately eight (8) acres of land. Borrower also owns all of the parking lots and unimproved land within the Property.

11. Specifically, the real property within the Property owned by Borrower consists of the following:

    a. The six (6) room ranch style house commonly known as 3310 Old Capital Trail, Wilmington, Delaware 19808, on 0.4 acres of land and designated as tax parcel no. 07-037.40-150 (the "3310 Old Capital Trail Property"). The 3310 Old Capital Trail Property is referred to as Parcel No. 0703740150 (Tract 2) within the legal description of the Property (the "Legal Description"). A true and correct copy of the Legal Description is attached hereto as **Exhibit A**.

    b. The apartment buildings commonly known as Cranston Hall Apartments located at 3314 Old Capital Trail, Wilmington, Delaware 19808, on 5.67 acres of land, with building no. 1 containing eighteen (18) rentable units, building no. 2 containing fourteen (14) rentable units, building no. 3 containing eight (8) rentable units, building no. 4 containing twelve (12) rentable units, building no. 5 containing sixteen (16) rentable units, building no. 6 containing fourteen (14) rentable units, and building no. 7 containing fourteen (14) rentable units, and designated as tax parcel no. 07-037.40-149 (the "North Cranston

Hall Apartments"). The North Cranston Hall Apartments are referred to as Parcel No. 0703740149 (Tract 2) within the Legal Description. See **Ex. A**.

c. A small "Bridge Parcel" that fronts 3310 Old Capital Trail Property is a 0.18 acre of land located at 3314 Old Capital Trail, Wilmington, Delaware 19808, containing no buildings, and designated as tax parcel no. 07-037.40-151 (the "Bridge Parcel"). The Bridge Parcel is referred to as Parcel No. 0703740151 (Tract 2) within the Legal Description. See id.

d. The apartment buildings commonly known as Cranston Hall Apartments located at 3314 Old Capital Trail, Wilmington, Delaware 19808, on 2.83 acres of land, with building no. 1 containing thirteen (13) rentable units, building no. 2 containing fourteen (14) rentable units, building no. 3 containing fourteen (14) rentable units, building no. 4 containing eight (8) rentable units, and building no. 5 containing twelve (12) rentable units, and designated as tax parcel no. 07-037.40-152 (the "South Cranston Hall Apartments"). The South Cranston Hall Apartments are referred to as Parcel No. 0703740152 (Tract 1) within the Legal Description. See id.

**II.     The Loan.**

12.     On or about April 27, 2022, Borrower received a commercial loan in the original principal amount of $21,050,000.00 (the "Loan"), as evidenced by that certain Loan Agreement, dated as of as of April 27, 2022, by and among Defendant, Plaintiff in such capacity as Agent, and the lenders from time to time party thereto (the "Lenders").  A true and correct copy of the Loan Agreement is attached hereto as **Exhibit B**.

13.     On or about February 28, 2023, at the request of Borrower, Plaintiff increased the Loan to $22,750,000.00, as evidenced by that certain First Amendment to Loan Agreement, dated as of February 28, 2023, by and among Defendant, Plaintiff in such capacity as Agent, and the Lenders.  A true and correct copy of the First Amendment to Loan Agreement is attached hereto as **Exhibit C**.  The Loan Agreement and First Amendment to Loan Agreement are collectively referred to herein as the "Loan Agreement".

14.     Simultaneously with the execution and delivery of the Loan Agreement, Borrower made, executed, and delivered to Plaintiff as a Lender that certain Promissory Note (the "Note") dated as of April 27, 2022, in the original principal amount of $21,050,000.00 evidencing the Loan made to Defendant.  A true and correct copy of the Note is attached hereto as **Exhibit D.**

15. On or about February 28, 2023, Borrower made, executed, and delivered to Plaintiff as a Lender that certain Amended and Restated Promissory Note dated as of February 28, 2023 (the "A&R Note"), in the amount of $22,750.000.00 evidencing the Loan made to Defendant. A true and correct copy of the A&R Note is attached hereto as **Exhibit E**. The Note and A&R Note are referred to herein as the "Note".

16. As an inducement to Plaintiff as a Lender making the Loan, Defendants Menachem Tress and Elimelech Tress (each individually and collectively, the "Defendants" or "Guarantors") made, executed, and delivered to Plaintiff in its capacity as collateral and administrative agent for the Lenders that certain Limited Guaranty dated as of April 27, 2022 (the "Original Guaranty"). A true and correct copy of the Original Guaranty is attached hereto as **Exhibit F**.

17. On or about February 28, 2023, Guarantors made, executed, and delivered to Plaintiff in its capacity as collateral and administrative agent for the Lenders that certain Amended and Restated Limited Guaranty dated as of February 28, 2023 (the "Amended Guaranty") which, among other things, provides that each Guarantor (each individually and collectively, together with their successors, assigns, heirs, executors, administrators and legal representatives, pursuant to the preamble of the Amended Guaranty):

> Subject to the provisions of Section 21 hereof, Guarantor(s) unconditionally and absolutely guarantees to

7

>the [Plaintiff]: (i) the due and punctual payment and performance when due of the Loan Obligations and any and all other monies and amounts due or which may become due on or with respect to any of the foregoing, and the due and punctual performance and observance by Borrower and Guarantor(s), and any other guarantor or surety with respect to the Loan Obligations, of all other terms, covenants, agreements and conditions of the Loan Agreement and the other Loan Documents, in any case whether according to the present terms thereof, at any earlier or accelerated date or dates or pursuant to any extension of time or to any change in the terms, covenants, agreements and conditions thereof now or any time hereafter made or granted, (ii) all liabilities and obligations of Guarantor(s) hereunder and under the Loan Documents to which it is a party, including without limitation any pledge agreements, and (iii) all costs, expenses and liabilities (including, without limitation, reasonable attorneys' fees and expenses, documentation and diligence fees and legal expenses, and search, audit, recording, professional and filing fees and expenses) that may be incurred or advanced by Lender in any way in connection with the foregoing and/or otherwise required to be paid by Borrower under the Loan Documents and/or Guarantor(s) hereunder (collectively, such items in clauses (i) through (iii) being the "<u>Guaranteed Obligations</u>"). Guarantor(s) acknowledge that this [Amended Guaranty] shall be deemed a continuing guaranty of the Guaranteed Obligations under the Loan Documents.

*See* Amended Guaranty § 2. A true and correct copy of the Amended Guaranty is attached hereto as **Exhibit G**.

18. The Guaranty further provides that the obligation of Guarantor(s) to pay the Guaranteed Obligations shall apply only in the occurrence of certain events, including, but not limited to, when the "Guarantor(s) [are] contesting or directing

8

any third party to contest the validity or the enforceability of any of the Loan Documents and/or asserting defenses for the intent of delaying, hindering or impairing the exercise of Lender's rights or remedies thereunder". *See id.* § 21(v).

### III. The Events of Default.

19. Borrower is in default under the Loan for, among other things, failing to pay, as required by Section 2.1(b) of the Loan Agreement, the accrued interest on the Loan on the first calendar day of each month beginning February 1, 2024, with such failures continuing through today. Defendant's failure to pay the accrued interest when due constitutes an event of default (an "Event of Default") under Section 8.1(b)(ii) of the Loan Agreement.

20. By correspondence dated March 6, 2024, Plaintiff notified Borrower of its default under the Loan for failure to pay interest due February 1, 2024, with such failure continuing for more than five (5) days, and demanded that it immediately pay the past due amount. Despite demand, Borrower failed to pay this past due amount. A true and correct copy of the forgoing notice is attached hereto as **Exhibit H**.

21. By correspondence dated April 5, 2024, Plaintiff notified Borrower of its default under the Loan for failure to pay interest due February 1, 2024, and March 1, 2024, with such failure continuing for more than five (5) days, and demanded that it immediately pay the past due amount. Despite demand, Borrower failed to pay

the past due amounts. A true and correct copy of the forgoing notice is attached hereto as **Exhibit I**.

22. By correspondence dated May 3, 2024, Plaintiff notified Borrower of its default under the Loan for failure to pay interest due February 1, 2024, March 1, 2024, and April 1, 2024, with such failure continuing for more than five (5) days, and demanded that it immediately pay the past due amount. Despite demand, Borrower failed to pay the past due amounts. A true and correct copy of the forgoing notice is attached hereto as **Exhibit J**.

23. By correspondence dated May 29, 2024, Plaintiff notified Borrower of its default under the Loan for failure to pay interest due February 1, 2024, March 1, 2024, April 1, 2024, and May 1, 2024, with such failure continuing for more than five (5) days, and demanded that it immediately pay the past due amount. Despite demand, Borrower failed to pay the past due amounts. A true and correct copy of the forgoing notice is attached hereto as **Exhibit K**.

24. In light of the foregoing defaults, by correspondence dated June 13, 2024, Plaintiff again notified Borrower of its defaults under the Loan, elected to accelerate the Loan, pursuant to Section 8.2(a) of the Loan Agreement and Paragraph 5 of the Note, and demanded that Borrower immediately pay the Loan in full. Further as a result of the occurrence and continuation of the Events of Default, pursuant to Section 7.10(b) of the Loan Agreement, as of June 12, 2024, the balance

in the Payment Reserves was applied to the outstanding Loan. A true and correct copy of the forgoing notice is attached hereto as **Exhibit L**.

25. As of June 14, 2024, Borrower owes Plaintiff a total of **$25,104,663.94** under the Note, consisting of the following:

| | |
|---|---|
| Principal | $22,361,258.42 |
| Interest Due | $583,890.33 |
| Default Interest | $1,658,854.17 |
| Late Fees | $83,041.44 |
| Exit Fee (1.00%) | $223,612.58 |
| Deferred Interest | $194,007.00 |
| **Total:** | **$25,104,663.94**, plus accruing interest and default interest in the total amount of $10,422.83 *per diem*, fees (including attorneys' fees) and costs, together with the protective advances made on Defendant's behalf. |

26. Despite demand, none of the above amounts have been paid

27. The Guarantors received each of the foregoing notices.

## IV. Litigation and Resulting Counterclaims.

28. On June 21, 2024, Plaintiff commenced three separate actions against Borrower in state court in Delaware.

29. First, Plaintiff filed a *Verified Complaint for Appointment of Receiver Pendente Lite to Manage [Borrower]'s Property* in the Court of Chancery of the State of Delaware against Borrower, identified by C.A. No. 2024-0677-KMV.

30. Second, Plaintiff filed a *Complaint for Default on Mortgage* in the Superior Court of the State of Delaware against Borrower, identified by C.A. No. N24L-06-049 KMV.

31. Third, Plaintiff filed a *Complaint for Breach of Promissory Note* in the Superior Court of the State of Delaware against Borrower, identified by C.A. No. N24C-06-188 KMV.

32. The foregoing cases listed in Paragraphs 29-31 are defined as the "Cranston State Court Cases".

33. On July 23, 2024, Borrower removed the Cranston State Court Cases to the United States District Court for the District of Delaware which are identifiable at 1:24-cv-00857-RGA, 1:24-cv-00858-RGA, and 1:24-00860-RGA (collectively, the "Removed Actions").

34. On July 30, 2024, Borrower filed its *Answer, Affirmative Defenses, and Counterclaims to Complaint* (the "Counterclaims") against Plaintiff in each of the Removed Actions. The Borrower asserts claims for (i) fraudulent inducement, (ii) breach of contract, (iii) breach of the implied covenant of good faith and fair dealing, (iv) promissory estoppel, and (v) unjust enrichment against Plaintiff. A true and correct copy of the Counterclaims filed by Borrower in the Removed Action at 1:24-cv-00860-RGA is attached hereto as **Exhibit M**. The Counterclaims filed in the Removed Actions at 1:24-cv-00857 and 1:24-cv-00858 are omitted because they are

voluminous in nature and duplicative of the Counterclaims filed in 1:24-cv-00860-RGA.

35. Guarantors' directing of the Borrower to contest the validity or the enforceability of any of the Loan Documents and/or asserting defenses for the intent of delaying, hindering or impairing the exercise of Lender's rights or remedies thereunder set as forth in the Counterclaims triggers the obligations of the Guarantors to pay the full amount of the Guaranteed Obligations.

36. As of June 14, 2024, Guarantors owe Plaintiff a total of $25,104,663.94, plus accruing interest and default interest in the total amount of $10,422.83 *per diem*, fees (including attorneys' fees) and costs, together with the protective advances made on Borrower's behalf, under the Amended Guaranty.

37. None of the above amounts have been paid.

38. Defendants' failure to pay the sums due under the Amended Guaranty upon acceleration of the Loan is without privilege or justification.

39. Plaintiff has faithfully and in good faith fulfilled all of its obligations to Guarantors, has and vested with all of the rights under the Loan Agreement and Note and Amended Guaranty evidencing the Loan, and has otherwise performed all acts necessary to preserve all of its rights under the Amended Guaranty.

## COUNT I
### (Breach of Amended Guaranty against Defendants)

40. Plaintiff incorporates each of the proceeding paragraphs as though set forth fully herein.

41. As an inducement to Plaintiff as a Lender making the Loan, the Guarantors made, executed, and delivered to Lender the Original Guaranty. *See* **Ex. F**.

42. On or about February 28, 2023, Guarantors made, executed, and delivered to Plaintiff in its capacity as collateral and administrative agent for the Lenders that Amended Guaranty which, among other things, provides that each Guarantor (each individually and collectively, together with their successors, assigns, heirs, executors, administrators and legal representatives, pursuant to the preamble of the Amended Guaranty) would, subject to the provisions of Section 21 in the Amended Guaranty, unconditionally and absolutely guarantee payment of the Guaranteed Obligations. *See* **Ex. G** § 2.

43. Section 21(v) of the Amended Guaranty provides that the obligation of Guarantor(s) to pay the Guaranteed Obligations shall apply only in the occurrence of certain events, including, but not limited to, when the "Guarantor(s) [are] contesting or directing any third party to contest the validity or the enforceability of any of the Loan Documents and/or asserting defenses for the intent of delaying,

hindering or impairing the exercise of Lender's rights or remedies thereunder". *See id.* § 21(v).

44. On July 30, 2024, Borrower Cranston Apartments LLC, of which Defendants Menachem Tress and Elimelech Tress are controlling members, filed Counterclaims in the Removed Actions against Plaintiff.

45. Menachem Tress and Elimelech Tress are in breach of Section 21(v) of the Amended Guaranty by directing Borrower to contest the validity or the enforceability of any of the Loan Documents and/or asserting defenses by the Counterclaims for the intent of delaying, hindering or impairing the exercise of Lender's rights or remedies thereunder.

46. As of June 14, 2024, Guarantors owe Plaintiff a total of $25,104,663.94, plus accruing interest and default interest in the total amount of $10,422.83 *per diem*, fees (including attorneys' fees) and costs, together with the protective advances made on Borrower's behalf, under the Amended Guaranty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Capital Funding, LLC demands that the Court: (i) enter judgment in favor of Plaintiff and against Defendants Menachem Tress and Elimelech Tress jointly and severally in an amount not less than $25,104,663.94, plus accruing interest and default interest in the total amount of $10,422.83 *per diem* from and after June 14, 2024, fees (including attorneys' fees) and costs, together with

the protective advances made on Borrower's behalf, under the Amended Guaranty, plus interest accruing at the applicable judgment rate in effect from and after the date of judgment and additional attorneys' fees hereafter incurred; and (ii) grant Plaintiff such other and further relief as the Court deems just and proper under the circumstances.

Dated: August 23, 2024
Wilmington, Delaware

**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**

 /s/ *Kevin M. Capuzzi*
Michael J. Barrie (No. 4684)
Kevin M. Capuzzi (No. 5462)
John C. Gentile (No. 6159)
1313 North Market Street, Suite1201
Wilmington, Delaware 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
mbarrie@beneschlaw.com
kcapuzzi@beneschlaw.com
jgentile@beneschlaw.com

*Counsel to Plaintiff Capital Funding, LLC*